## No. 526

## DETROIT & IRONTON R.R. CO. v. DONOVAN, et.

Ohio Appeals, 3rd Dist., Henry Co.

No. 176-7-8-9-80.  Decided Jan. 20, 1927.

**480. EVIDENCE**—When a motion is made to discharge the jury and impanel a new one, for the reason that a member of the panel was prejudiced, it is error for the court to refuse to hear supporting evidence.

**428. EXCEPTIONS**—Where the record shows that a motion was submitted and heard and disposed of, it must be presumed that the trial court had before it, sufficient evidence to justify its findings.

**93. APPROPRIATIONS** — An incohate right of dower does not constitute such an ownership in real estate as to entitle the holder to compensation in condemnation proceedings.

**First Publication of this Opinion**

HUGHES, J.

These proceedings were started in the Probate Court of Henry County by the plaintiff railroad company, to condemn strips of land through various farms for right of way purposes.  There are five independent suits.

While no case is related to any of the others, there are similar questions involved for discussion, and hence they may be disposed of as a single proposition.

In each case we are urged to reverse the judgment and award a new trial.

In three of these cases, it is argued that the court committed error in overruling the motion of the plaintiff to discharge the jury and impanel a new one, for the reason that a member of the panel was prejudiced.  The record discloses that in one of the cases this motion was presented to the court, and that evidence was offered to prove the facts charged in this motion.  The journal entry discloses that the court deemed it unnecessary to hear evidence in support of said motion, and overruled the same, to which exceptions were taken.

We find to be prejudicial error, the refusal to hear this evidence, and for that reason the judgment in this case is reversed.

In the other cases in which this question was raised, we find no bill of exceptions.  The record shows that the motion was submitted, heard and disposed of.  In the absence of a bill of exceptions, it must be presumed that the trial court who disposed of this motion, had before it , sufficient evidence to justify its findings, and there is no merit in that assignment of error in these other cases.

In another case error was assigned on the ground that the court allowed the jury to take into consideration, and to allow to the defendants Jacob H. Good and Helena C. Good, damages that would accrue to the land owned in severalty by Helena C. Good.  This was not the land through which the strip was sought to be appropriated.  The parcel through which the strip appropriated ran, was owned in common by her and her husband.  It was error for the court to admit the evidence over the objection of the plaintiff, and it was error for the court in its charge to submit that question to the jury.  The fact that Jacob H. Good had an inchoate right of dower in the land of his

wife, did not constitute an ownership such as to entitle him to compensation in condemnation proceedings. 99 OS. 330.

Judgment in two cases reversed, and the other cases affirmed.

(Before Judges Warden, Crow and Hughes).

Attorneys—Clifford B. Longley, Edger J. Matz, O. Z. Ide and George S. May for Detroit & Ironton R.R. Co; D. D. Donovan and James Donovan, Jr., for Donovan, et; all of Napolean.